# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---

| | | |
|---|---|---|
| DAVID E. ROGERS, on behalf of Himself and a Class of Persons Similarly Situated, *et al.*, | ) ) ) | No. 04-C-6476 |
| Plaintiff, | ) ) | Judge Joan B. Gottschall |
| v. | ) ) | |
| BAXTER INTERNATIONAL INC., *et al.* | ) ) | |
| Defendants. | ) ) | |

---

### SETTLEMENT AGREEMENT

This Settlement Agreement, dated May 6, 2011, is made and entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure and contains the terms of a settlement by and among the following Settling Parties to the above-captioned litigation (the "Litigation"): (i) David E. Rogers on behalf of himself and each of the Class Members, as defined below; and (ii) defendants Baxter International Inc. ("Baxter"), Brian P. Anderson, Harry M. Jansen Kraemer, Jr., and the Administrative and Investment Committees of the Baxter International Inc. and Subsidiaries Incentive Investment Plan (the "Baxter Plan" or the "Plan"), by and through their respective undersigned counsel of record in the above-captioned matter.

This Settlement Agreement is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims against the Released Persons, upon and subject to the terms and conditions hereof and subject to the approval of the Court.

### I.    THE LITIGATION

WHEREAS, on October 7, 2004, plaintiff David E. Rogers, a participant in the Baxter Plan, a "401(k) plan," filed this suit on behalf of himself and a proposed class of all Plan participants for

whose individual accounts the Baxter Plan held shares of the Baxter Common Stock Fund during the period from January 1, 2001, to the present, for alleged breaches of fiduciary duty under the Employee Retirement Income Security Act ("ERISA");

WHEREAS, on March 22, 2006, this Court certified a Class of all current and former participants in the Plan for whose individual accounts the Plan held shares of the Baxter Common Stock Fund at any time from January 1, 2001, to the present (excluded from the Class are Defendants, officers and directors of Baxter, members of Defendants' immediate families, and the heirs, successors, or assigns of any of the foregoing);

WHEREAS, on August 22, 2006, a notice regarding the Court's class certification order was mailed, via U.S. first class mail, to all Class Members whose names appeared in Baxter's records, advising them of the Court's class certification order and their right to opt-out of the Class by October 6, 2006;

WHEREAS, on May 3, 2010, this Court granted Defendants' motion for summary judgment, denied Plaintiff's cross-motion for summary judgment, and entered judgment in favor of Defendants;

WHEREAS, on May 21, 2010, Rogers filed a notice of appeal that stated that Rogers was appealing: "(1) the final judgment entered in this action on May 3, 2010 granting Defendants' Motion for Summary Judgment and denying Plaintiff's Motion for Partial Summary Judgment, and (2) the order entered in this action on November 10, 2009 denying, in part, Plaintiff's Motion for Leave to File Third Amended Complaint";

WHEREAS, on June 1, 2010, Defendants filed bills of cost and motions seeking an award of their costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and ERISA Section 502(g)(1), 29 U.S.C. § 1132(g)(1);

WHEREAS, the Seventh Circuit thereafter referred the case to its Settlement Conference Office and suspended the briefing schedule pending settlement discussions, and under the guidance of the Settlement Conference Office, the parties agreed to the Settlement described below, subject to approval by the District Court;

WHEREAS, on March 16, 2011, the District Court granted in part, and denied in part, Defendants' bills of cost and motions seeking an award of their costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and ERISA Section 502(g)(1), 29 U.S.C. § 1132(g)(1), and awarded Defendants an aggregate amount of $59,730.13 in costs (the "Costs Award").

WHEREAS, on April 15, 2011, Baxter and Mr. Kraemer filed a notice of appeal from that portion of the Costs Award that did not grant the relief that Baxter and Mr. Kraemer sought. The Seventh Circuit consolidated the two appeals and stayed both appeals pending settlement discussions.

## II.     TERMS OF SETTLEMENT AGREEMENT

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Class Representative (on behalf of himself and each of the Class Members) and Defendants, by and through their respective undersigned counsel of record, and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that all Released Claims as against the Released Persons shall be finally, fully, and forever compromised, settled, and released and the Litigation shall be dismissed with prejudice as to all Released Persons, upon and subject to the following terms and conditions.

### 1.     Definitions

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1     "Action" or "Litigation" means the shareholder class action captioned *Rogers v. Baxter International Inc. et al.*, No. 04-C-6476 (Gottschall, J.), filed in the United States District Court for the Northern District of Illinois, including the appeal captioned as *Rogers v. Baxter International Inc. et al.*, No. 10-2273, pending before the Unites States Court of Appeals for the Seventh Circuit.

1.2     "Class Representative" means David E. Rogers.

1.3     "Class Counsel" means counsel of record for Class Representative and the Class in the Litigation and their successors.

1.4     "Class" and "Class Members" mean all current and former Plan participants for whose individual accounts the Plan held shares of the Baxter Common Stock Fund at any time from January 1, 2001, through the date on which the Notice, as defined below, is distributed. Excluded from the Class are Defendants, officers and directors of Baxter, members of Defendants' immediate families, and the heirs, successors, or assigns of any of the foregoing, and current and former Plan participants who elected to opt-out of the Class.

1.5     "Class Period" means the period from January 1, 2001, through the date on which the Notice is distributed.

1.6     "Complaint" means collectively the complaints that were filed in the Litigation.

1.7     "Court" or "District Court" means the district court in the Litigation.

1.8     "Defendants" means Baxter, Brian P. Anderson, Harry M. Jansen Kraemer, Jr., and the Administrative and Investment Committees of the Plan.

1.9     "Effective Date" means the date upon which the Settlement contemplated by this Settlement Agreement shall become effective, as set forth in ¶8.1 below.

1.10    "Final" means: (i) the date of final affirmance on an appeal of the Order and Final Judgment (as defined below), the expiration of the time for a petition for or a denial of a writ of certiorari to review the Order and Final Judgment and, if certiorari is granted, the date of final affirmance of the Order and Final Judgment following review pursuant to that grant; or (ii) the date of final dismissal of any appeal from the Order and Final Judgment or the final dismissal of any proceeding on certiorari to review the Order and Final Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Order and Final Judgment approving the Settlement Agreement.

1.11    "Notice" means the Notice of Class Action Settlement, which is to be distributed pursuant to ¶6.2, substantially in the form attached hereto as Exhibit A-1, or as modified pursuant to agreement of the Parties or order of the Court.

1.12    "Order and Final Judgment" means the proposed order to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

1.13    "Parties" means Class Representative (on behalf of himself and each of the Class Members) and Defendants.

1.14    "Person" means any individual, corporation, limited liability company, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, insurance company, government or any political subdivision or agency thereof, and the spouses, heirs, predecessors, successors, representatives, or assignees thereof.

1.15    "Preliminary Approval Order" means the proposed order to be entered by the Court preliminarily approving the Settlement and directing notice thereof to the Class, substantially in the form of Exhibit A attached hereto.

1.16    "Released Persons" is defined in ¶9.1 of this Settlement Agreement.

1.17    "Released Claims" is defined in ¶9.2 of this Settlement Agreement.

1.18    "Settlement" means the settlement embodied by this Settlement Agreement.

1.19    "Settlement Hearing" means the final hearing to be held by the Court to determine whether to approve the Settlement of the Litigation as set forth herein.

1.20    "Settling Parties" has the same meaning as Parties.

1.21    "Unknown Claims" means any Released Claims that relate to the allegations in the Complaint and, therefore, could have been asserted in the litigation, that Class Representative or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, which, if known by him, her or it, would or might have affected his, her or its settlement with and release of the Released Persons, or would or might have affected his, her or its decision not to object to this Settlement. Class Representative and Defendants acknowledge, and the Class Members by operation of law shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement, of which this release is a material and essential part, and expressly waive the benefits of (i) §1542 of the California Civil Code, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR,

and (ii) any and all provisions or rights conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to California Civil Code §1542.

6

2.      **Scope and Effect of Settlement**

2.1      The satisfaction of the obligations incurred pursuant to this Settlement Agreement shall be in full and final disposition of the Litigation and any and all Released Claims as against all Released Persons.

2.2      Upon the Effective Date, Class Representative and members of the Class, on behalf of themselves and each of their heirs, executors, administrators, successors, and assigns, and any Persons they represent, shall release and fully, finally, and forever discharge, and shall forever be enjoined from prosecuting, any Released Claims against any of the Released Persons.

3.      **The Settlement Consideration**

3.1      Within a reasonable time after Final approval by the Court of the Settlement, Defendants will supplement the existing disclosures in the Plan's Summary Plan Description regarding the Baxter Common Stock Fund and the confidentiality of participants' investment elections with the additional disclosures indicated below in bold type and make available by electronic means the revised Summary Plan Description to Plan participants:

Baxter Common Stock Fund

This fund invests exclusively in Baxter common stock (except as required for liquidity purposes). The value of this fund depends upon the changes in the stock's price as well as dividend income. Your investment has a potential for a high return, but you must consider the uncertainty of the market. Although the fund holds some cash, it consists primarily of a single stock asset. This means the fund will move to reflect the price of the stock. **A single-stock fund is more risky than an investment in a diversified fund, because the returns on a single-stock fund depend on the performance of only one company. In deciding whether, and how much, to invest in the Baxter Common Stock Fund, you should consider factors such as your own tolerance for risk, when you expect to retire, and whether your total investment portfolio, including investments you hold outside of the IIP, is adequately diversified.**

Confidentiality of investment directions

ING administers your investment directions for all IIP funds, including the Baxter Common Stock Fund, the Cardinal Common Stock Fund and the Edwards

Lifesciences Common Stock Fund. State Street Bank and Trust Company and ING are able to implement all purchases and sales in the name of the IIP, and do not identify you personally. As a result, your transactions and information related to your purchase, holding, voting and tendering of Baxter stock remain confidential, **and are not communicated to supervisors, managers, or officers of Baxter (except as necessary to administer your account).**

3.2     The Plan in its sole discretion may modify the language of any and all disclosures in Summary Plan Descriptions provided to Plan Participants subsequent to the version made available pursuant to ¶3.1. However, the supplemental disclosures described in ¶3.1 will remain in effect for a period of at least three (3) years from the date they are effectuated.

3.3    Defendants will not seek to enforce the Costs Award against Class Representative or Class Counsel. The Parties will bear their own attorneys' fees and costs in connection with the Litigation. Defendants Baxter and Kraemer will dismiss their appeal of the Costs Award.

### 4.     Attorneys' Fees and Costs

4.1    The Parties shall bear their own attorneys' fees and costs in connection with the Litigation. None of the Parties or their attorneys will apply to the Court for an award of attorneys' fees, costs, expenses, or any other form of reimbursement or payment for work performed in connection with this Litigation. The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and expenses to Class Counsel, Class Representative, or members of the Class or their attorneys in connection with the Litigation.

### 5.     Termination of Settlement

5.1      In the event that the Settlement Agreement is not approved, or is terminated, cancelled, or fails to become effective for any reason, the Settling Parties shall be deemed to have reverted to their respective status in the Litigation as of immediately prior to the execution of this Settlement Agreement.  In such event, the terms and provisions of this Settlement Agreement, with the exception of ¶10.3, shall have no further force and effect with respect to the Settling Parties and

8

shall not be used in the Litigation, and any judgment or order entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

6. **Preliminary Court Approval, Notice to Class Members, and Settlement Hearing**

6.1     As soon as practicable following execution of the Settlement Agreement, Class Representative and Defendants will jointly file a motion with the District Court seeking an indicative ruling as to whether the Court is inclined to give preliminary approval to the Settlement Agreement. If an affirmative indicative ruling is issued, the parties will request that the Seventh Circuit remand the case to the District Court. As soon as practicable thereafter, Class Representative shall submit the Settlement Agreement, together with its Exhibits, to the District Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Settlement Agreement, and approval for the distribution of the Notice Exhibit A-1 attached hereto.

6.2     Defendants shall cause the Notice to be distributed by an electronic message containing a PDF of the Notice to the Plan website mailboxes of those Plan participants who currently have balances in their Plan accounts and are members of the Class.

6.3     Class Representative shall request that, after the Notice is distributed, the Court hold a hearing (the "Settlement Hearing") to consider and determine whether to approve the Settlement as fair, reasonable, and adequate, and whether the Order and Final Judgment, substantially in the form of Exhibit B attached hereto, should be entered approving the Settlement as set forth herein and dismissing the Litigation with prejudice.

7.      **Terms of Order and Final Judgment**

7.1      If the Settlement contemplated by this Settlement Agreement is approved by the Court, counsel for the Settling Parties shall request that the Court enter the Order and Final Judgment.

8.      **Effective Date of Settlement, Waiver, or Termination**

8.1      The Effective Date of the Settlement shall be one business day following the latest of the following events:

(a)      entry of the Preliminary Approval Order in all material respects in the form attached hereto as Exhibit A; and

(b)      entry by the Court of the Order and Final Judgment, in all material respects in the form set forth in Exhibit B attached hereto, and the expiration of any time for filing or noticing any appeal of such Order and Final Judgment, or, if any appeal is filed and not dismissed, after such Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal, review by writ of certiorari or mandamus, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and Defendants do not elect to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review.

8.2      Defendants' counsel or Class Counsel shall have the right to terminate the Settlement and this Settlement Agreement by providing written notice of their election to do so ("Termination Notice") to all other Settling Parties within thirty (30) days of: (a) the Court's issuance of an indicative ruling that is not inclined to grant preliminary approval of the Settlement Agreement; (b) the Court's declining to enter the Preliminary Approval Order in any material respect; (c) the Court's refusal to approve this Settlement Agreement or any material part of it; (d) the Court's declining to enter the Order and Final Judgment in any material respect; (e) the date

10

upon which the Order and Final Judgment is modified or reversed in any material respect by any court; or (f) the date upon which an Alternative Judgment is modified or reversed in any material respect by any court.

### 9. The Releases

9.1     Upon the Effective Date, the following persons (the "Released Persons") will be fully and finally released and discharged with respect to the Released Claims (as defined below): Defendants and the individual members of the Administrative and Investment Committees of the Plan during the Class Period and with respect to each of them, the family members, heirs, successors, and assigns of each, and additionally with respect to Baxter, all of its past, present, and future officers, directors, representatives, and employees; its past, present, and future attorneys, accountants, financial or investment advisors, and other agents; its past, present, and future subsidiaries, affiliates, and joint venture partners; and its past, present, and future board committees, members of board committees, and advisors to board committees. Released Persons also includes any other current or former named or functional fiduciaries of the Plan during the Class Period. Released Persons are intended third-party beneficiaries under the Settlement Agreement.

9.2     Upon the Effective Date, the following claims (the "Released Claims") will be released with respect to the Released Persons: all rights, demands, claims (including "Unknown Claims" as defined in ¶1.21 above), and causes of action of every nature and description, in law or equity, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or un-liquidated, matured or un-matured, whether class, derivative, and/or individual in nature, that Class Representative or any member of the Class asserted or could have asserted in this Litigation, or in any other action or forum, against any of the Released Persons arising out of, or relating to,

directly or indirectly, the facts, matters, allegations, transactions, events, disclosures, statements, acts, or omissions alleged or that could have been alleged in the Complaint, including any and all claims arising out of Class Representative's or any other Class Member's investment in the Baxter Common Stock Fund and the Plan's offering of the Baxter Common Stock Fund during the Class Period that Class Representative asserted or relate to the allegations of the Complaint and thus could have been asserted in this Litigation.

9.3     Notwithstanding anything to the contrary above, the Released Claims do not include claims to enforce the Order and Final Judgment and the Settlement, and any or all of their terms, including, but not limited to, the releases provided for in the Order and Final Judgment.

### 10.     Miscellaneous Provisions

10.1     All of the Exhibits attached to this Settlement Agreement are material and integral parts hereof, and are hereby incorporated by reference as though fully set forth herein.

10.2     The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement; and (c) agree to exercise their best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement.

10.3     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation, including, but not limited to, all facts and claims that were asserted or that could have been asserted by Class Representative and the Class Members against the Released Persons with respect to the Released Claims, and shall not be deemed an admission or concession of any nature whatsoever by any Settling Party as to the merits of any claim or defense.  The Settling Parties agree that the terms of the Settlement were negotiated at arm's length in good faith by the Settling Parties, and reflect a Settlement that was reached voluntarily after consultation with experienced legal counsel.

10.4    All agreements made and orders entered during the course of this Litigation relating to the confidentiality of documents and information shall survive this Settlement Agreement pursuant to their terms.

10.5    This Settlement Agreement may not be modified or amended in any way, nor may any of its provisions be waived except by a writing signed by or on behalf of all Settling Parties or their respective attorneys, or successors-in-interest.

10.6    The headings and captions in this Settlement Agreement are used for the purpose of convenience only and are not meant to have any legal effect on the meaning or interpretation of this Settlement Agreement or any of its terms or provisions.

10.7    The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court and the Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Settlement.

10.8    The waiver by one of the Parties of any breach of this Settlement Agreement by another one of the Parties shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

10.9    This Settlement Agreement and the Exhibits attached hereto constitute the entire agreement among the Settling Parties concerning the Settlement of the Litigation, and no representations, warranties, or inducements have been made by any of the Parties hereto concerning this Settlement Agreement and its Exhibits other than those contained and memorialized in such documents.

10.10   This Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

10.11    This Settlement Agreement shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties.

10.12    The construction, interpretation, operation, effect, and validity of this Settlement Agreement, and all documents necessary to effectuate it, shall be governed by the laws of the State of Illinois without regard to any choice of law principle, except to the extent that federal law requires that federal law governs.

10.13    This Settlement Agreement shall not be construed more strictly against one of the Parties than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Settlement Agreement.

10.14    All counsel and any other Person executing this Settlement Agreement and any of the Exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.

10.15    Class Counsel and Defendants' counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Settlement, and to agree upon and execute all such other documentation promptly as may be reasonably required to obtain Final approval by the Court of the Settlement.

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys, dated May 6, 2011.

_____
One of Plaintiff's Counsel

Thomas R. Meites, Esq.
Shona B. Glink, Esq.
MEITES, MULDER, & GLINK
321 S. Plymouth Ct., Suite 1250
Chicago, IL 60604


Robert D. Allison, Esq.
Bruce C. Howard, Esq.
ROBERT D. ALLISON &
ASSOCIATES
122 South Michigan Avenue, Suite 1850
Chicago, IL 60603

Counsel for Plaintiff David E. Rogers

_____
Matthew R. Kipp
Donna L. McDevitt
Andrew J. Fuchs
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606

Counsel for Defendants Baxter International Inc. and
Harry M. Jansen Kraemer, Jr.

_____
Charles C. Jackson
Jeremy P. Blumenfeld
Deborah S. Davidson
Christopher J. Boran
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601

Counsel for Defendants Brian P. Anderson and the
Administrative and Investment Committees of the
Baxter International Inc. and Subsidiaries Incentive
Investment Plan

15