

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID E. ROGERS, on behalf of Himself and a Class of Persons Similarly Situated, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> BAXTER INTERNATIONAL INC., *et al.* <br><br> Defendants. | No. 04-C-6476 <br><br> Judge Joan B. Gottschall |

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

EXHIBIT A

WHEREAS, on October 7, 2004, plaintiff David E. Rogers, a participant in the Baxter Plan, filed the above-captioned suit on behalf of himself and a putative class against defendants Baxter International Inc. ("Baxter"), Brian P. Anderson, Harry M. Jansen Kraemer, Jr., and the Administrative and Investment Committees of the Baxter International Inc. and Subsidiaries Incentive Investment Plan (the "Baxter Plan" or the "Plan"), and members of those committees ("Defendants") for alleged breaches of fiduciary duty under the Employee Retirement Income Security Act ("ERISA");

WHEREAS, on March 22, 2006, this Court certified a Class of all current and former participants in the Plan for whose individual accounts the Plan held shares of the Baxter Common Stock Fund at any time from January 1, 2001, to the present (excluded from the Class are Defendants, officers, and directors of Baxter, members of Defendants' immediate families, and the heirs, successors, or assigns of any of the foregoing);

WHEREAS, on August 22, 2006, a notice regarding the Court's class certification order was mailed, via U.S. first class mail, to all Class Members whose names appeared in Baxter's records, advising them of the Court's class certification order and their right to opt-out of the Class by October 6, 2006;

WHEREAS, on May 3, 2010, this Court granted Defendants' motion for summary judgment, denied Plaintiff's cross-motion for summary judgment, and entered judgment in favor of Defendants;

WHEREAS, Plaintiff having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a Settlement Agreement dated May 6, 2011, which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation

with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto;

WHEREAS, on March 16, 2011, the Court granted in part, and denied in part, Defendants' bills of cost and motions seeking an award of their costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and ERISA Section 502(g)(1), 29 U.S.C. § 1132(g)(1), and awarded Defendants an aggregate amount of $59,730.13 in costs (the "Costs Award"); and

WHEREAS, unless otherwise defined, all defined terms herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2. A hearing (the "Final Approval Hearing") shall be held before this Court on _____, 2011, at ____.m., to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court and whether an Order and Final Judgment as provided in ¶8.1(b) of the Settlement Agreement should be entered. The Court may adjourn the Final Approval Hearing without further notice to members of the Class.

3. Defendants shall cause Notice substantially in the form annexed as Exhibit A-1 hereto to be distributed by distributing an electronic message containing a PDF of the Notice to the Plan website mailboxes of those Plan participants who currently have balances in their Plan accounts and are members of the Class.

4. Any member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Otherwise, members of the Class will be represented by Class Counsel.

5. Any member of the Class may appear and show cause, if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Order and Final Judgment to be entered thereon approving the same, unless written objections and copies of any papers and briefs are received by Thomas R. Meites / Meites, Mulder & Glink / 321 S. Plymouth Ct. Suite 1250 / Chicago, IL 60604; Matthew R. Kipp / Skadden, Arps, Slate, Meagher & Flom LLP / 155 N. Wacker Dr. Suite 2800 / Chicago, IL 60606; and Charles C. Jackson / Morgan, Lewis & Bockius LLP / 77 W. Wacker Drive / Chicago, Illinois 60601, on or before _____, 2011; and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Northern District of Illinois, on or before _____, 2011. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, unless otherwise ordered by the Court.

6. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the

Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: **JUL 26 2011**

_____
THE HONORABLE JOAN B. GOTTSCHALL
UNITED STATES DISTRICT JUDGE