IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID E. ROGERS, on behalf of Himself and a Class of Persons Similarly Situated, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> BAXTER INTERNATIONAL INC., *et al.* <br><br> Defendants. | No. 04-C-6476 <br><br> Judge Joan B. Gottschall |

AMENDED ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE

WHEREAS, on October 7, 2004, plaintiff David E. Rogers, a participant in the Baxter Plan, filed the above-captioned suit on behalf of himself and a putative class against defendants Baxter International Inc. ("Baxter"), Brian P. Anderson, Harry M. Jansen Kraemer, Jr., and the Administrative and Investment Committees of the Baxter International Inc. and Subsidiaries Incentive Investment Plan (the "Baxter Plan" or the "Plan"), and members of those committees ("Defendants") for alleged breaches of fiduciary duty under the Employee Retirement Income Security Act ("ERISA");

WHEREAS, on March 22, 2006, this Court certified a Class of all current and former participants in the Plan for whose individual accounts the Plan held shares of the Baxter Common Stock Fund at any time from January 1, 2001, to the present (excluded from the Class are Defendants, officers, and directors of Baxter, members of Defendants' immediate families, and the heirs, successors, or assigns of any of the foregoing);

WHEREAS, on August 22, 2006, a notice regarding the Court's class certification order was mailed, via U.S. first class mail, to all Class Members whose names appeared in Baxter's records, advising them of the Court's class certification order and their right to opt-out of the Class by October 6, 2006;

WHEREAS, on May 3, 2010, this Court granted Defendants' motion for summary judgment, denied Plaintiff's cross-motion for summary judgment, and entered judgment in favor of Defendants;

WHEREAS, Plaintiff having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a Settlement Agreement dated May 6, 2011, which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation

- 1 -

with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto;

WHEREAS, on March 16, 2011, the Court granted in part, and denied in part, Defendants' bills of cost and motions seeking an award of their costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and ERISA Section 502(g)(1), 29 U.S.C. § 1132(g)(1), and awarded Defendants an aggregate amount of $59,730.13 in costs (the "Costs Award"); and

WHEREAS, unless otherwise defined, all defined terms herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2. A hearing (the "Final Approval Hearing") shall be held before this Court on October 19, 2011, at 9:30 a.m., to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court and whether an Order and Final Judgment as provided in ¶8.1(b) of the Settlement Agreement should be entered. The Court may adjourn the Final Approval Hearing without further notice to members of the Class.

3. Defendants shall cause Notice substantially in the form annexed as Exhibit A-1 hereto to be distributed by distributing an electronic message containing a PDF of the Notice to the Plan website mailboxes of those Plan participants who currently have balances in their Plan accounts and are members of the Class.

4. Any member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Otherwise, members of the Class will be represented by Class Counsel.

5. Any member of the Class may appear and show cause, if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Order and Final Judgment to be entered thereon approving the same, unless written objections and copies of any papers and briefs are received by Thomas R. Meites / Meites, Mulder & Glink / 321 S. Plymouth Ct. Suite 1250 / Chicago, IL 60604; Matthew R. Kipp / Skadden, Arps, Slate, Meagher & Flom LLP / 155 N. Wacker Dr. Suite 2800 / Chicago, IL 60606; and Charles C. Jackson / Morgan, Lewis & Bockius LLP / 77 W. Wacker Drive / Chicago, Illinois 60601, on or before October 3, 2011; and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Northern District of Illinois, on or before October 3, 2011. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, unless otherwise ordered by the Court.

6. Responses to written objections shall be due on or before October 10, 2011.

7. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the

Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: 7/29/11

7/29/11

_____
THE HONORABLE JOAN B. GOTTSCHALL
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| DAVID E. ROGERS, on behalf of Himself and a Class of Persons Similarly Situated, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> BAXTER INTERNATIONAL INC., *et al.* <br><br> Defendants. | No. 04-C-6476 <br><br> Judge Joan B. Gottschall |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

TO: All current and former participants in the Baxter International Inc. and Subsidiaries Incentive Investment Plan (the "Plan") for whose individual accounts the Plan held shares of Baxter Common Stock at any time from January 1, 2001, to the present (not including Defendants, officers and directors of Baxter, members of Defendants' immediate families, and the heirs, successors, or assigns of any of these persons or entities) (collectively, the "Class").

**You should read this Notice carefully because your legal rights may be affected.**

This Notice has been sent to members of the Class pursuant to an order of the United States District Court for the Northern District of Illinois (the "District Court" or the "Court"). The purpose of this Notice is to inform you of a proposed Settlement of this class action litigation, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement and to determine whether the proposed Settlement should be approved. The Notice describes your rights in connection with the proposed Settlement. The Notice is not an expression by the Court of any opinion regarding the fairness, reasonableness, or adequacy of the proposed Settlement.

## DESCRIPTION OF THE LITIGATION

Plaintiff David E. Rogers, a participant in the Plan, filed this lawsuit in 2004 on behalf of the Plan participants and the Plan itself. Plaintiff alleged that the Defendants—Baxter and the committees and individuals responsible for managing the Plan—breached their fiduciary duties to the Plan and Plan participants by: (1) allowing investment in the Baxter Common Stock Fund during periods when the Defendants allegedly knew that the Baxter Common Stock Fund was not a prudent investment option; (2) failing to disclose allegedly material information to Plan participants; and (3) allowing Plan participants to allocate too great a percentage of their

EXHIBIT A-1

contributions to the Plan to the Baxter Common Stock Fund. Plaintiff sought both monetary and equitable relief.

In 2006, the Court granted Plaintiff's motion for class certification. On August 22, 2006, a notice regarding the Court's class certification order was mailed, via U.S. first class mail, to all Class Members whose names appeared in Baxter's records. The Notice advised Class Members of their right to opt out of the Class by no later than October 6, 2006. The Notice further advised that Class Members who chose to remain in the Class would be bound by any judgment entered by the Court or any settlement approved by the Court.

In 2009, after the conclusion of discovery, Defendants moved for summary judgment on all claims asserted in Plaintiff's Complaint, asking the Court to hold, as a matter of law, that Defendants did not breach any fiduciary duties to Plaintiff or the Class. Plaintiff cross-moved for summary judgment on one of the claims. On May 3, 2010, the Court granted Defendants' motion for summary judgment in its entirety and denied Plaintiff's cross-motion for summary judgment. The Court determined, as a matter of law, that Defendants did not breach any fiduciary duties to Plaintiff or the Class and held that Plaintiff and the Class were not entitled to any monetary or equitable relief. The Court entered judgment in favor of Defendants and against Plaintiff and the Class and closed the case.

On May 21, 2010, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Seventh Circuit (the "Appeals Court"). On June 1, 2010, Defendants filed motions with the District Court seeking an award of the costs Defendants incurred in defending this case. Thereafter, the Appeals Court referred the case to its Settlement Conference Office. One of the Appeals Court's settlement conference attorneys met with counsel for the parties on several occasions to discuss the possibility of a voluntary resolution of Plaintiff's appeal and Defendants' motions for costs. On March 16, 2011, the District Court granted in part, and denied in part, Defendants' bills of cost and awarded Defendants an aggregate amount of $59,730.13 in costs. Under the guidance of the Settlement Conference Office, and solely to avoid the costs and expenses of further litigation, the parties have agreed to the proposed Settlement described below, subject to approval by the District Court. To effectuate the proposed Settlement, the parties jointly filed a motion with the Appeals Court requesting that the Appeals Court remand the case to the District Court so that the District Court may consider whether the proposed Settlement should be approved as fair, reasonable, and adequate to Class Members. The Appeals Court granted the parties' motion to remand on June 10, 2011.

## SUMMARY OF THE PROPOSED SETTLEMENT

Subject to the approval of the District Court, the parties have agreed to settle this case on the following terms: (1) Baxter will include in the Plan's next Summary Plan Description certain additional disclosures regarding investment in the Baxter Common Stock Fund that have been proposed by counsel for the Class; and (2) upon approval of the proposed Settlement, Defendants will file with the District Court notices of withdrawal of their motions for costs, which notices shall state that the parties have agreed to bear their own attorneys' fees and costs. Counsel for the

Class have agreed not to seek an award of attorneys' or other fees or costs in connection with the proposed Settlement and not to pursue any further appeal of this case.

## HEARING ON THE PROPOSED SETTLEMENT

A hearing (the "Settlement Hearing") is scheduled for October 19, 2011, at 9:30 a.m., before the Honorable Joan B. Gottschall, United States District Judge, in Courtroom 2325, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. The purpose of the hearing is to determine whether the proposed Settlement should be approved as fair, reasonable, and adequate to members of the Class. The Court may adjourn or continue the hearing without further notice to the Class.

## RELEASE OF CLAIMS BY THE CLASS

If the Court approves the proposed Settlement, the Court will enter an Order and Final Judgment by which each member of the Class will be deemed to have released, and will be forever barred from continuing to pursue, by appeal or otherwise, any and all claims against the Defendants arising out of or relating to any of the acts, facts, or circumstances alleged by Plaintiff in this case, including any and all claims arising out of or relating to Class Members' investment in the Baxter Common Stock Fund at any time from January 1, 2001, through the date of entry of the Order and Final Judgment as such claims relate to acts, facts or circumstances alleged by Plaintiff in this case.

## YOUR RIGHT TO BE HEARD AT THE SETTLEMENT HEARING

Any Class member who objects to any aspect of the proposed Settlement may appear and be heard at the Settlement Hearing, provided the Class Member files and serves a written notice of objection, on or before October 3, 2011, on each of the following:

> Clerk of the Court
> United States District Court for the Northern District of Illinois
> Everett McKinley Dirksen United States Courthouse
> 219 South Dearborn Street
> Chicago, IL  60604
>
> Robert D. Allison, Esq.
> ROBERT D. ALLISON & ASSOCIATES
> 122 South Michigan Avenue, Suite 1850
> Chicago, IL  60603
>
> Thomas R. Meites, Esq.
> MEITES, MULDER, & GLINK
> 321 S. Plymouth Court, Suite 1250
> Chicago, IL  60604
>
> Lead Counsel for Plaintiff and the Class

Matthew R. Kipp, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, IL 60606

Counsel for Defendants Baxter International Inc.
and Harry M. Jansen Kraemer, Jr.

Charles C. Jackson, Esq.
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601

Counsel for Defendants Brian P. Anderson and the
Administrative and Investment Committees of the
Baxter International Inc. and Subsidiaries Incentive Investment Plan

## ADDITIONAL INFORMATION ABOUT THE PROPOSED SETTLEMENT

This Notice does not fully describe all terms and conditions of the proposed settlement. The stipulation of settlement and other papers filed by the parties in connection with the proposed settlement are available for inspection, during business hours, at the Office of the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 S. Dearborn, Chicago, Illinois. Please do not direct questions to the Court. Instead, any questions should be sent to Class Counsel:

| | |
|---|---|
| Robert D. Allison, Esq. | Thomas R. Meites, Esq. |
| ROBERT D. ALLISON & ASSOCIATES | MEITES, MULDER, & GLINK |
| 122 S. Michigan Ave., Suite 1850 | 312 S. Plymouth Ct., Suite 1250 |
| Chicago, IL 60603 | Chicago, IL 60604 |
| rdalaw@ix.netcom.com | tmeites@mmmglaw.com |

Dated: 7/25, 2011

7/29/11

_____
Joan B. Gottschall, Judge

4